**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Marcellus AUTREY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 16, 2002.

Filed Oct. 31, 2002.

Reargument Denied Jan. 7, 2003.

Burton A. Rose, Philadelphia, for appellant.

Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: DEL SOLE, P.J., and JOHNSON and BOWES, JJ.

OPINION BY DEL SOLE, P.J.

¶ 1 Following a nonjury trial on November 4, 1991, Appellant Marcellus Autrey was convicted of distributing crack cocaine. On March 27, 1992, he was sentenced to 6 to 12 months' house arrest plus costs and other conditions. No direct appeal was filed. On December 11, 1996, Appellant, through present counsel, filed a petition seeking a direct appeal *nunc pro tunc.* This appeal is taken from the trial court's denial of that petition.[1]

¶ 2 Appellant raises only one issue on this appeal: that the trial court abused its discretion in refusing to grant him an appeal *nunc pro tunc* because he was proceeding outside the framework of the Post Conviction Relief Act.

¶ 3 In *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999), our Supreme Court unanimously held that the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, "provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal ...." *Id.* at 569–70. Thereafter, this Court held that *Lantzy* does not apply retroactively to cases in which the request for a *nunc pro tunc* appeal was made prior to the date *Lantzy* was filed. Recently, however, the Su-

---

1. The trial court initially denied Appellant's application on October 2, 1997. On April 12, 1999, a panel of this Court reversed that denial and remanded to the trial court for an evidentiary hearing. Thereafter, the trial court again denied Appellant's application.

preme Court overruled those cases in *Commonwealth v. Eller*, 569 Pa. 622, 807 A.2d 838 (2002), holding that *Lantzy* merely interpreted the plain language of the PCRA and did not announce a new rule of law. Therefore, the Court held, the principle set forth in *Lantzy* applies regardless of when the request for *nunc pro tunc* relief was filed. Accordingly, Appellant cannot prevail on his claim that it was error to deny his application for appeal *nunc pro tunc*.

¶ 4 Order affirmed.